FILED '08 OCT 01 08:23 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANSELMO VAZQUEZ-VAZQUEZ, )
                                        )    Civil No. 08-559-PA
       Petitioner, )
                                        )
   v. )
                                        )
MARK NOOTH, )
                                        )    OPINION AND ORDER
       Respondent. )

    Anselmo Vazquez-Vazquez
    10100260
    777 Stanton Blvd.
    Ontario, OR 97914

        Petitioner, *Pro Se*

    Hardy Myers
    Attorney General
    Lynn Larsen
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

///

   1 - OPINION AND ORDER

PANNER, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 in which he seeks to challenge the legality of his underlying state convictions for Kidnaping in the First Degree and Rape in the First Degree. For the reasons which follow, the Petition for Writ of Habeas Corpus (#2) is dismissed on the basis that it was not timely filed.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted on April 24, 1996. AEDPA provides that a one-year statute of limitations applies to federal habeas corpus actions filed by state prisoners. The one-year period runs from the latest of:

- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

- (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

- (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

- (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1).

2 - OPINION AND ORDER

In this case, respondent calculates that 2,057 days elapsed between the time petitioner's convictions became final on September 28, 2000, and the time he filed his Petition for Writ of Habeas Corpus in this case. Respondent therefore asks the court to dismiss this case on the basis that it clearly exceeds AEDPA's 365-day statute of limitations.

Petitioner does not take issue with this calculation, but argues that his case relies on new case law, specifically *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004). However, neither *Apprendi* nor *Blakely* apply retroactively to convictions, such as petitioner's, which became final prior to those decisions. *United States v. Sanchez-Cervantes*, 282 F.3d 664, 671 (9th Cir.), *cert. denied*, 537 U.S. 939 (2002) (*Apprendi* not retroactive); *Schardt v. Payne*, 414 F.3d 1025, 1036 (9th Cir. 2005) (*Blakely* not retroactive).

Petitioner also alludes to the Oregon Supreme Court's recent decision in *State v. Ice*, 343 Or. 248 (2007), *cert. granted* 128 S.Ct. 1657 (2008), a case extending *Apprendi* and *Blakely* to consecutive sentencing in Oregon's state courts. Such a state court decision is insufficient to bring petitioner's case within the terms of 28 U.S.C. § 2244(d)(1)(C), *supra*, which is limited to U.S. Supreme Court decisions which apply retroactively to cases on collateral review. Accordingly, the Petition for Writ of Habeas Corpus is dismissed on the basis that it is untimely.

3 - OPINION AND ORDER

**CONCLUSION**

The Petition for Writ of Habeas Corpus (#2) is DISMISSED on the basis that it is untimely.

IT IS SO ORDERED.

DATED this __1__ day of October, 2008.

*Owen M. Panner*
Owen M. Panner
United States District Judge

4 - OPINION AND ORDER