FILED 10 MAY 10 9:48USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

FRANK CONRAD, IV,

      Petitioner,

    v.

MARK NOOTH,

      Respondent.

Civil No. 08-910-PA

OPINION AND ORDER

Kristina Hellman
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

     Attorney for Petitioner

John R. Kroger
Attorney General
Jonathan W. Diehl
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

     Attorneys for Respondent

1 - OPINION AND ORDER

PANNER, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 in which he seeks to challenge the legality of his state court sentence for Manslaughter. For the reasons that follow, the Amended Petition for Writ of Habeas Corpus (#33) is denied.

## BACKGROUND

On August 24, 1999, petitioner was indicted on charges of Murder, Abuse of a Corpse, Unauthorized Use of a Motor Vehicle, and Possession of a Stolen Motor Vehicle. Respondent's Exhibit 102. Petitioner pled guilty to the motor vehicle charges and abuse of the victim's corpse, but elected to proceed to a jury trial as to the Murder charge. Following a jury trial, petitioner was convicted of the lesser included offense of Manslaughter in the First Degree. Respondent's Exhibit 101.

Petitioner's sentencing took place on November 17, 2000. The prosecutor asked the court to impose a durational departure sentence of 240 months in prison for the Manslaughter charge based on several aggravating factors. Trial counsel did not believe such a court-imposed departure to be lawful:

> this is sort of brought together most recently in late June by the United States Supreme Court, Apprendi vs. New Jersey . . . in which the United States Supreme Court Justice Stevens holds that the [C]onstitution requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum other than the

2 - OPINION AND ORDER

face of a prior conviction must be submitted to a jury
and proven beyond a reasonable doubt.

Trial Transcript, p. 1312.

The trial court rejected this challenge to its sentencing
authority:

> The jury based its decision on the facts in evidence that
> come into the trial.  The court bases its decision on
> sentencing on a variety of things that the jury never
> heard about.  I grant you if the jury knew about a number
> of the things that I am able to take into consideration,
> i.e., in particular the prior criminal history, the
> failures at probation and supervision, et cetera, do you
> think that the jury would have come back with
> Manslaughter?  I know you don't because you specifically
> asked that that evidence be limited and excluded and I
> agreed with you on that.  That was the proper evidentiary
> ruling, I'm sure.  But do you see the difference between
> my parameters and my scope of knowledge versus what basis
> -- on what the jury is basing their decision on?
>
> * * * * *
>
> the jury is not given the same job or responsibilities
> that I'm given when I am sentencing somebody, and I don't
> know what the Apprendi case is going to mean.  I am at
> risk, I guess, if I durationally depart in this
> particular case for the reasons stated by Mr. Haines, and
> yet I feel somewhat compelled to do just that.

*Id* at 1317-18, 1323.  As a result, the trial court imposed a
departure sentence of 240 months in prison on the Manslaughter
conviction, and departed dispositionally on the sentences for
petitioner's other charges, ordering them to be served
consecutively to the Manslaughter sentence.[1]  *Id* at 1328-29.

---

[1] A dispositional departure imposes a prison term when the
presumptive sentence calls for probation, or imposes probation
when the presumptive sentence calls for prison.  OAR 213-003-
0001(7).

3 - OPINION AND ORDER

Petitioner took a direct appeal, but he did not raise his *Apprendi* challenge as an assignment of error. The Oregon Court of Appeals affirmed the trial court without issuing a written opinion, and the Oregon Supreme Court denied review. *State v. Conrad*, 188 Or. App. 490, 72 P.3d 684, *rev. denied*, 336 Or. 92, 79 P.3d 313 (2003).

Petitioner next filed for post-conviction relief ("PCR") in Malheur County where the PCR trial court denied relief on all of his claims. Respondent's Exhibit 136. The Oregon Court of Appeals affirmed the lower court without opinion, and the Oregon Supreme Court denied review. *Conrad v. Hill*, 218 Or. App. 229, 179 P.3d 752, *rev. denied*, 344 Or. 401, 182 P.3d 200 (2008).

Petitioner filed his Amended Petition for Writ of Habeas Corpus on February 3, 2010 raising the following grounds for relief:

1.  Petitioner's sentence was imposed in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution when the factual findings necessary to impose a departure sentence were made by the trial court under a preponderance of the evidence standard, not by the jury beyond a reasonable doubt; and

2.  Petitioner did not receive effective assistance of appellate counsel as guaranteed by the Fourteenth Amendment to the United States Constitution when appellate counsel failed to raise on appeal a properly preserved challenge under the Sixth Amendment and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to the imposition of departure sentences.

Amended Petition (#33), p. 3.

4 - OPINION AND ORDER

Respondent asks the court to deny relief on the Petition because: (1) Ground One was not fairly presented to Oregon's state courts and is now procedurally defaulted; and (2) petitioner's claims lack merit.

## DISCUSSION

## I.   Exhaustion and Procedural Default

A petitioner seeking habeas relief must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of habeas corpus claims pursuant to 28 U.S.C. § 2254. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

Petitioner concedes that his Ground One due process claim is procedurally defaulted, but argues that the constitutionally

ineffective performance of his direct appellate attorney constitutes cause sufficient to excuse the default. *See Murray*, 477 U.S. at 488 (concluding that constitutionally ineffective assistance of counsel may constitute cause to excuse a default). In this way, petitioner's entire case hinges on his claim of ineffective assistance of appellate counsel in Ground Two.

## II.  <u>Ground Two: Ineffective Assistance of Appellate Counsel</u>

According to petitioner, his direct appellate attorney was constitutionally ineffective when he failed to raise his *Apprendi* claim to the Oregon Court of Appeals. Because no Supreme Court precedent is directly on point that corresponds to the facts of this case, the court uses the general two-part test the Supreme Court has established to determine whether petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1419 (2009). First, petitioner must show that his lawyer's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, petitioner must show that his lawyer's performance prejudiced the defense. The appropriate test for prejudice is whether the defendant can show "that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. In proving prejudice with respect to the performance of appellate counsel, a petitioner must demonstrate a reasonable probability that but for appellate counsel's failure, "he would have prevailed on his appeal." *Smith v. Robbins*, 528 U.S. 259, 285-286 (2000). When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance*, 129 S.Ct. at 1420.

In this case, the PCR trial court rejected petitioner's Ground Two claim on the basis that the "law was contrary to petitioner's position at time of judgment and later favorable law was not retroactive." Respondent's Exhibit 124. A review of the case law reveals that approximately five months prior to petitioner's sentencing, the Supreme Court held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Oregon's state courts and every federal circuit in the country reasoned that the "statutory maximum" described in *Apprendi* constituted the maximum punishment permissible under the range of statutory penalties allowed. *Schardt v. Payne*, 414 F.3d 1025, 1035 (9th Cir. 2005); *Peralta-*

*Basilio v. Hill*, 203 Or. App. 449, 453-54, 126 P.3d 1 (2005); *State v. Dilts*, 179 Or. App. 238, 39 P.3d 276 (2002). Pursuant to this widely shared interpretation, an Oregon litigant convicted of Manslaughter in the First Degree could only raise a successful *Apprendi* claim to a court-imposed departure sentence if the trial judge imposed a sentence exceeding 20 years, the maximum sentence allowed for a Class A felony in Oregon. ORS 161.605; ORS 163.118(2) (classifying Manslaughter I as a Class A felony).

Four years later, the Supreme Court concluded that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Blakely v. Washington,* 542 U.S. 296, 303 (2004) (citation omitted) (emphasis in original). As a result, a guideline presumption subsumed within the broader 20-year statutory parameter was, itself, considered a "statutory maximum."

There is no dispute that petitioner was sentenced within Oregon's applicable statutory parameters (thus satisfying the interpretations of *Apprendi*), but in excess of his presumptive sentences under the Oregon Sentencing Guidelines (a violation of *Blakely*).[2] Even though petitioner's sentencing hearing took place

---

[2] Although petitioner argues to the contrary, *Blakely* does not apply retroactively to convictions which became final prior to that decision. *United States v. Cruz,* 423 F.3d 1119 (9th Cir. 2005).

more than three years prior to the *Blakely* decision, he nevertheless faults appellate counsel for not raising his *Blakely*-style argument in the wake of *Apprendi*.

As shown by the post-*Apprendi* decisions of Oregon's state courts and the federal circuit courts, "the rule announced in *Blakely* was clearly not apparent to all reasonable jurists, nor was it dictated by precedent." *Schardt*, 414 F.3d at 1035. "*Strickland* does not mandate prescience, only objectively reasonable advice under prevailing professional norms." *Sophanthavong v. Palmateer*, 378 F.3d 859, 870 (9th Cir. 2004) (citing *Strickland*, 466 U.S. at 690).

Because existing precedent did not support petitioner's due process claim at the time of his sentencing or his direct appeal, appellate counsel's performance did not fall below an objective standard of reasonableness when he did not include petitioner's Ground One claim in his Appellant's Brief. *See Fuller v. United States*, 398 F.3d 644, 651 n. 4 (7th Cir. 2005) (counsel's failure to anticipate *Blakely* does not constitute ineffective assistance). Even if appellate counsel should have included the due process claim at issue here, petitioner cannot prove prejudice because, given the state of the law until the *Blakely* decision, there was not a reasonable probability that he would have prevailed on appeal had counsel pursued the claim. Accordingly, the PCR trial court's decision denying relief on petitioner's Ground Two claim did not

involve an unreasonable application of clearly established federal law.  Because petitioner did not suffer from ineffective assistance of appellate counsel, he cannot demonstrate cause to excuse his default as to Ground One.   Relief on the Petition is therefore denied.

## **CONCLUSION**

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#33) is DENIED.  The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this ___7___ day of May, 2010.

_____
Owen M. Panner
United States District Judge

10 - OPINION AND ORDER